## In Re Anonymous No. 54 D.B. 78

Disciplinary Board Docket No. 54 D.B. 78.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

PADOVA, *Member*, June 21, 1985—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, The Disciplinary Board of the Supreme Court of Pennsylvania (hereinafter referred to as Disciplinary Board), submits its following findings and recommendations to your honorable court with respect to the above petition for reinstatement.

### I. HISTORY OF PROCEEDINGS

Petitioner, [ ], pursuant to Rule 215, resigned from the practice of law in the Commonwealth of Pennsylvania on November 22, 1979. That resignation was accepted by the Supreme Court of Pennsylvania and made final by order dated December 10,

1979. At the time of his resignation, a disciplinary proceeding was pending against petitioner, at the captioned number, charging him with eight separate complaints. Petitioner, in his resignation, acknowledged that the material facts contained in the charges against him were true and could not be successfully defended. Such resignation was the culmination of a series of prior complaints against petitioner from 1976 to 1979 which had resulted in one private reprimand, seven informal admonitions and a six-month suspension by order of the Supreme Court effective April 5, 1979. The pattern of misconduct reflected by the many complaints against petitioner from 1976 to 1979 involved neglect, inattention, failure to act on matters entrusted to him, cover up and misrepresentations about such inactivity to his clients.

On November 16, 1984, petitioner filed with the Disciplinary Board the instant petition for reinstatement and reinstatement questionnaire with answers. The matter was referred to disciplinary hearing committee [  ] to conduct hearings on such petition. The hearing committee consisted of [  ], all of whom conducted a hearing on December 14, 1984. At the hearing, petitioner was represented by [A], Esq. [B], Esq., Assistant Disciplinary Counsel, appeared for the Office of Disciplinary Counsel.

In its report issued on April 8, 1985, the hearing committee unanimously recommended petitioner's reinstatement to the practice of law with the following conditions:

## A. Precedent to Reinstatement

1. A satisfaction piece indicating that the judgment entered against petitioner in [  ] County to No. [  ] of 1979 has been satisfied and all costs paid; and

2. A professional liability insurance policy issued to petitioner by an insurance company approved by the Pennsylvania Bar Association which provides coverage in the minimum amount of $250,000 per person and $500,000 per occurrence, plus a receipt indicating payment in full of the first year's premium.

### B. Continuing for Three Years

3. That petitioner practice only in association with another attorney and one who has been in the full-time practice of law for a minimum of ten years; and

4. That petitioner participate in continuing legal education courses offered by the Pennsylvania Bar Association (or comparable teaching entity) in the minimum of 15 credit hours per year, and that he supply written evidence of his participation to the District [   ] Office; and

5. That a receipt indicating evidence of the pre-payment in full of the annual premium of the professional liability insurance policy referred to in condition No. 2 (above) be submitted to the District [   ] Office at or near the anniversary date of the policy; and

6. That petitioner continue his close and supportive association with Alcoholics Anonymous, and that he attend an average of three meetings a week.

At the end of the third year following the date of reinstatement, and assuming the foregoing conditions are met, all such conditions shall terminate.

No exceptions to the report of hearing committee [   ] have been filed by either the Office of Disciplinary Counsel or petitioner. By letter dated April 25, 1985, petitioner has submitted questions concerning the conditions precedent by the following text:

"We do, however, have the following questions concerning conditions precedent placed upon my client's readmission. Must the judgment be paid

and must he obtain malpractice insurance before the next steps for his readmission are taken?"

Upon our review of the entire record in this proceeding, including the report, findings and recommendations of hearing committee [ ], we hereby recommend that the instant petition for reinstatement be granted upon condition only that:

1. The judgment entered against him in [ ] County to No. [ ] of 1979 be satisfied and all costs paid within two years from the date of reinstatement; a satisfaction piece indicating the same to be filed with the Office of Disciplinary Counsel, District [ ], no later than two years from the final order of reinstatement of the Supreme Court of Pennsylvania;

2. Petitioner continue his close and supportive association with Alcoholics Anonymous and that he attend an average of three meetings a week certifying the same quarterly to the District [ ] office. This condition is to terminate the third year following the date of reinstatement, assuming that all of the foregoing conditions are met.

## II. DISCUSSION

In order for petitioner to gain reinstatement to the practice of law before the Bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or the administration of justice, nor subversive of the public interest. See Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

Petitioner, age 39, had been admitted to the practice of law before the Supreme Court of Pennsylvania on April 14, 1971. After being discharged from active duty with the United States Army on May 11, 1971, he went into the private practice of law with [C] Esq., in [ ] County, Pa., and remained in that office until he was fired on October 13, 1975. Thereafter, he practiced essentially alone until April 5, 1979, when he received a six-month suspension. He has not practiced law in this or any other jurisdiction since that time.

By the mid-1970s, petitioner's practice and local involvement were flourishing. Unfortunately, during the same period, petitioner developed an uncontrollable drinking problem and, by 1975, petitioner was an alcoholic. As a result of his addiction to alcohol, petitioner's professional and personal life soon became disorganized, disrupted and unmanageable. There was no doubt in the hearing committee's mind, and there is no doubt in our mind, that the primary cause of petitioner's prior problems with his clients and the Disciplinary Board was rooted in his addiction to alcohol.

The evidentiary hearing upon reinstatement centered on the heroic and successful efforts of petitioner to overcome his alcoholism. Four witnesses testified on his behalf. Each gave an impressive perspective on the changes which have occurred since petitioner's resignation from the Bar on December 10, 1979. The most meaningful experience for petitioner since 1980 has been his intense, regular and weekly association with Alcoholics Anonymous. Petitioner has now been "dry" for almost five years. He stopped drinking entirely on October 16, 1980. The witnesses [D] and [E] testified to his faithfulness and leadership with Alcoholics Anonymous. He has been attending three to five meetings per week for

four years. He is, and intends to remain, a responsible, contributing member in Alcoholics Anonymous, which has become the major part of his life. Petitioner's addiction had seriously impaired his marital and family relationships, leading to divorce by his wife and estrangement from his son. His former wife initially denied him visitation with his son because of petitioner's addiction and irresponsibility. In a letter submitted to the hearing committee, petitioner's former wife stated that she has allowed him to resume his visitation with his son. Petitioner, for the past four years, has conducted himself responsibly during such visitation, including a two-week trip with his son (age nine) to Colorado last year. His former wife's faith and trust in petitioner's integrity and sobriety has been restored. She reports that he has been transformed into a useful, responsible and sober citizen with "a healthy and optimistic attitude towards life."

Since November of 1980, petitioner has enjoyed an increasingly successful career as an insurance salesman with [　] Insurance Company and the [　] Property and Casualty Company. He is currently licensed by the Insurance Department of the Commonwealth of Pennsylvania as an agent for four major lines of insurance, and there were no complaints pending against him, as reflected in the records of the department as of December 12, 1984. His supervisor's testimony before the hearing committee underscores petitioner's recovery and present ability to function in a position of responsibility.

Petitioner's moving testimony contained a frank and candid analysis of his problems and their correction. He intends to remain extremely active with Alcoholics Anonymous. Although he has no immediate intention to leave his present occupation and return to active practice, he "wants to be a lawyer

again". Since his resignation, petitioner has read advance reports, attended three seminars given by the Pennsylvania Bar Institute and, in August of 1984, participated in a three-day "Basic Practice" course at Dickinson Law School.

The Disciplinary Board, as did the hearing committee, recognizes that petitioner's likelihood of success, should he return to the practice of law, depends on his continued commitment to remaining "dry" and a continued close association with Alcoholics Anonymous. Therefore, we would condition his reinstatement to an active relationship with Alcoholics Anonymous for three years. We also would condition his reinstatement on restitution within a two-year period through the payment and satisfaction of a judgment in the amount of $6,000 entered against him by a client who suffered loss as a result of petitioner's misfeasance.

With regard to the obtaining of professional liability insurance from a company approved by the Pennsylvania Bar Association, the Disciplinary Board would urge petitioner to apply for same if and when he reenters the practice of law. However, we would not impose such a condition as a precedent to reinstatement as recommended by the hearing committee. The Disciplinary Board also sees no reason to delimit petitioner's reentry into practice by requiring that he associate with another lawyer who has been in the full-time practice of law for at least ten years. We have noted his exemplary career in the insurance industry since 1980 in a managerial position with exclusive responsibility for operating his own branch. Although we would encourage a supportive arrangement with another lawyer, we would not impose a condition, the fulfillment of which may be beyond petitioner's control.

Since we have concluded on this record that petitioner has established that he has the competency and learning in the law required for admission to practice in this Commonwealth, we also would see no need to require a minimum of 15 credits per year of continuing legal education. In light of the foregoing and noting that the Office of Disciplinary Counsel has determined not to oppose the instant petition, the Disciplinary Board agrees that petitioner should be reinstated. Accordingly, we adopt, in toto, the findings of fact and conclusions of law A. and B. of hearing committee [   ].

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania finds and concludes as follows:

1. Petitioner, [   ], has the competency and learning in the law required for readmission to the practice of law in the Commonwealth of Pennsylvania.

2. Petitioner, [   ], has the moral qualification for readmission to the practice of law in the Commonwealth of Pennsylvania.

3. Petitioner's resumption of the practice of law in the Commonwealth of Pennsylvania, subject to the conditions herein stated, will not be detrimental to the integrity and standing of the Bar or the administration of justice, nor will it be subversive of the public interest.

4. Petitioner, [   ], should be reinstated to the practice of law in the Commonwealth of Pennsylvania and should be admitted to the Bar of the Supreme Court of Pennsylvania subject to the conditions herein stated.

## IV. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant petition for reinstatement of [petitioner] to the practice of law- in the Commonwealth of Pennsylvania be granted by your honorable court, subject to the following conditions:

1. The judgment entered against him in [ ] County to No. [ ] of 1979 be satisfied and all costs paid within two years from the date of reinstatement; a satisfaction piece indicating the same to be filed with the Office of Disciplinary Counsel, District [ ], no later than two years from the final order of reinstatement of the Supreme Court of Pennsylvania;

2. Petitioner continue his close and supportive association with Alcoholics Anonymous and that he attend an average of three meetings a week certifying the same quarterly to the District [ ] office. This condition is to terminate the third year following the date of reinstatement, assuming that all of the foregoing conditions are met; and further recommends that this honorable court direct that all expenses incurred by the Disciplinary Board in the investigation and processing of the instant petition for reinstatement be borne and paid for by said petitioner. A statement of such expenses is appended to the instant report.

Prof. Keck and Mr. McDonald did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this August 2, 1985, upon consideration of the recommendation of the Disciplinary Board dated June 21, 1985, the petition for

426

reinstatement is granted, subject to the following condition: The judgment entered against petitioner in [    ] County to No. [    ] of 1979 be satisfied and all costs paid and a satisfaction piece indicating the same filed with the Office of Disciplinary Counsel, District [    ], no later than two years from the date of reinstatement.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.